# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| Earl Gene Ross, Jr. (M-54752), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 50388 |
| | ) | |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| Andrew Claps, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [5] is granted. The initial filing fee is waived. The Clerk of Court shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. Summons, however, shall not issue. Plaintiff's complaint [1] is dismissed without prejudice to Plaintiff pursuing an appropriate action against proper defendants in the proper venue. This case is terminated.

## STATEMENT

Plaintiff Earl Gene Ross, Jr., who is currently incarcerated at the Pontiac Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Judge Claps, a Cook County Judge. Plaintiff alleges as follows. In March 2011, he and two codefendants were charged with armed robbery. (Dkt. 1, pg. 5.) The other two offenders pleaded guilty and received sentences of six years "at 50%". (*Id.*) Plaintiff sought the same, but Judge Claps denied that request due to videotape evidence showing that Plaintiff was the offender with the gun. (*Id.*) Based on a law that passed in 2012 – despite that the crime occurred in 2011 – Judge Claps determined that Plaintiff's mandatory minimum sentence was 21 years because Plaintiff had possessed the gun. (*Id*, pg. 5-6.) Plaintiff's attorney then cross examined two police officers who gave conflicting descriptions of the gunman. (*Id*, pg. 6.) Plaintiff's attorney brought a motion (seemingly not to apply a gun enhancement to Plaintiff's sentence) based on these discrepancies, but Judge Claps denied it. (*Id.*) Plaintiff's lawyer then advised him that he could get 15 years at 50% if he pleaded guilty. (*Id.*) He also told Plaintiff that it was unconstitutional for a gun enhancement to be applied to his sentence because he was charged in 2011 before the applicable provision went into effect. (*Id.*) According to Plaintiff, this means he should have received the same six year sentence as his codefendants. (*Id.*) In 2015, Judge Claps instead sentenced him to nine years on the armed robbery, so he is currently serving three years that he should not be. (*Id.*) Plaintiff seeks monetary damages from Judge Claps and to be released from prison. (*Id*, pg. 7.) Before the Court are Plaintiff's renewed application to proceed *in forma pauperis* and his complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff's renewed application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Because Plaintiff has established that he does not have funds to pay an initial partial filing fee, the initial fee is waived. *See* 28 U.S.C. § 1915(b)(4). However, the trust fund officer at Plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints, including amendments, and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Plaintiff's claims cannot proceed in this Court.

First, even if Plaintiff could identify a basis for a claim under Section 1983, he may not obtain the relief he seeks against the sole-named Defendant, Judge Claps. Judges are absolutely immune from claims for monetary damages related to their judicial rulings. *See Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012); *Pierson v. Ray*, 386 U.S. 547 (1967). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted).

Second, the crux of Plaintiff's complaint is that he is being unlawfully imprisoned because his sentence was calculated improperly. Plaintiff may not use Section 1983 to challenge his sentence in this manner. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (explaining that a writ of habeas corpus is a prisoner's sole federal remedy for challenging the fact or duration of his physical imprisonment). It appears that Plaintiff must take further steps to have his custody invalidated—either in state proceedings or through a federal habeas corpus action—before he can pursue a civil claim for damages stemming from his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a prisoner cannot bring a claim for civil damages for an allegedly unconstitutional conviction or imprisonment unless or until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."). For example, in *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997), the Seventh Circuit affirmed dismissal of a prisoner's lawsuit seeking damages for the alleged miscalculation of his sentence where the prisoner maintained that, based on his understanding of his plea agreement, his state and federal sentences were to run concurrently. The Seventh Circuit explained that a civil action "may accrue if [the prisoner] eventually succeeds in his habeas petition challenging the computation and duration of his sentence," but because his sentence had not been declared invalid or expunged, the civil action was *Heck*-barred. *Id.*

Accordingly, this case is dismissed without prejudice. The Court is not opining that Plaintiff has a viable claim or that he should file a habeas action. But if Plaintiff wishes to pursue the claims in his complaint, he should do so in an appropriate action in state court or in a federal petition for writ of habeas corpus after exhausting state court remedies, subject to the rules and limitations of those proceedings. This case is closed.

Date: April 28, 2017